IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALONZO REED,

      Petitioner,                        No. CIV S-04-2480 FCD KJM P

  vs.

ROY A. CASTRO,

      Respondent.                   <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the loss of good time credits as the result of a disciplinary proceeding held on January 18, 2004. The court directed petitioner to show cause why this action should not be dismissed because it presents no case or controversy. Petitioner has responded.

        Records submitted in <u>Reed v. Castro</u>, Civ. No. S-02-0708 GEB KJM P, filed by the same inmate, show that Reed was paroled on March 2, 2004, though apparently not released because he refused to comply with one of the requirements of Penal Code section 3060.5. <u>See</u> Resp't's Objections To Findings in <u>Reed v. Castro</u>, Civ. No. S-02-0708 GEB KJM P (filed 2/16/05), Ex. O at 003. It also appears that petitioner's parole has been revoked for additional six month terms subsequently. The court may and does take judicial notice of these records.

1      According to California law, a prison term is the actual time served in prison
2 before release on parole "and the day of release on parole marks the *end* of the prison term."
3 People v. Jefferson, 21 Cal.4th 86, 95-96 (1999) (emphasis in original); see also California
4 Community Release Board v. Superior Court, 91 Cal.App.3d 814, 817 (1979) ("good behavior
5 credit under section 2931 applies only to the 'term of imprisonment,'" not to a term on parole
6 revocation).

7      Thus, petitioner is no longer serving a prison term that might be changed by any
8 ruling on the instant writ petition.  In his response to the order to show cause, petitioner has not
9 identified collateral consequences flowing from the 2004 disciplinary proceeding that provide
10 petitioner with a stake in the outcome of the proceedings.  Wilson v. Terhune, 319 F.3d 477,
11 481-82 (9th Cir. 2003).  As a result, there is no case or controversy as necessary for this court to
12 have jurisdiction over the action.  See Nonette v. Small, 316 F.3d 872, 875-78 (9th Cir. 2002).

13      Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for
14 a writ of habeas corpus be denied.

15      These findings and recommendations are submitted to the United States District
16 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
17 days after being served with these findings and recommendations, petitioner may file written
18 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
19 Findings and Recommendations."  Petitioner is advised that failure to file objections within the
20 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
21 F.2d 1153 (9th Cir. 1991).

22 DATED: April 16, 2007.

_____
U.S. MAGISTRATE JUDGE

26 2/reed2480.56